# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ASC ENGINEERED SOLUTIONS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ISLAND INDUSTRIES, INC., ) <br> ) <br> Defendant. ) | Case No. 2:20 -cv-02284-JPM-cgc |

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Plaintiff ASC Engineered Solutions, LLC's[1] ("ASC") Motion for Partial Summary Judgment, filed on November 12, 2020. (ECF No. 23.) ASC moves the Court pursuant to Fed. R. Civ. P. 56 for summary judgment on the issue of Defendant Island Industries, Inc.'s liability for misappropriating ASC's trade secrets. (Id. at PageID 205.) ASC does not move for summary judgment on the issue of damages. (Id.)

Defendant Island Industries, Inc. ("Island") filed a Response in Opposition on December 10, 2020. (ECF No. 24.) A Corrected Memorandum in support of its Motion was filed on December 29, 2020. (ECF No. 34.) Island argues that ASC is not entitled to summary judgment on the issue of Island's liability because the information Island obtained from an ASC employee did not consist of confidential trade secrets, both because that

---

[1] Plaintiff filed its Motion under its previous corporate name, Anvil International, LLC. (See ECF No. 23.) On May 24, 2021, this Court entered an Order Granting Plaintiff's Unopposed Motion to Amend Caption, based on Plaintiff's informing the Court that it had changed its corporate name to ASC Engineered Solutions, LLC on April 5, 2021. (See ECF No. 53.)

information was already public or readily ascertainable by proper means and because ASC did not take reasonable steps to protect that information. (See generally ECF No. 34.)

ASC filed a Reply on December 24, 2020. (ECF No. 30.) ASC argues that Island's position heightens the standard of proof required to establish that ASC took reasonable steps to protect its trade secrets. (Id. at PageID 1027).

For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

I. **BACKGROUND**

This trade secrets case arises out of Island's alleged misuse and misappropriation of ASC's confidential business information discovered in the course of a False Claims Act case brought by Island against ASC on June 13, 2017 ("FCA Action"). (ECF No. 1 ¶¶ 1, 13; see also ASC's Statement of Undisputed Material Facts ("ASC SUMF"), ECF No. 24-1 ¶¶ 13, 23–26; Case No. 2:17-cv-04393-RGK-ks (C.D. Cal. 2017).) During the FCA Action, Glenn Sanders, President of Island, was deposed. (ASC SUMF, ECF No. 24-1 ¶¶ 7, 22.) At the deposition, Mr. Sanders confirmed that he received ASC's business information from an ASC employee ("ASC Employee"). (Id. ¶¶ 10, 23.) ASC then filed its Complaint in the instant case on April 16, 2020, asserting that Island misappropriated ASC's trade secrets under both federal and state law. (ECF No. 1.)

ASC moved for partial summary judgment on the issue of Island's liability for misappropriation of ASC's trade secrets on November 12, 2020. (ECF Nos. 23 & 24.) Island filed its Response on December 10, 2020 and its corrected memorandum on December 29, 2020. (ECF Nos. 25 & 34.) ASC filed its Reply on December 24, 2020. (ECF No. 30.)

## II. LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the nonmoving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448–49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587. "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted); see also Kalich v. AT&T Mobility, LLC, 679 F.3d 464, 469 (6th Cir. 2012).

In order to "show that a fact is, or is not, genuinely disputed," both parties must do so by "citing to particular parts of materials in the record," "showing that the materials cited do not establish the absence or presence of a genuine dispute," or showing "that an adverse party

cannot produce admissible evidence to support the fact.'" Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex, 477 U.S. at 325)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 F. App'x 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), *abrogation recognized by* Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251–52). Summary judgment "'shall be entered' against the nonmoving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'" Rachells v. Cingular Wireless Employee Services, LLC, No. 1:08 CV 02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990)). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury

could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477 U.S. at 251). "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Liberty Lobby, 477 U.S. at 247–254; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Rachells, 2012 WL 3648835, at *2 (quoting Thomas v. Christ Hosp. and Med. Ctr., 328 F.3d 890, 894 (7th Cir. 2003)). Statements contained in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. See Mitchell, 964 F.2d at 584–85.

### III. ANALYSIS

ASC moves the Court for partial summary judgment with respect to Island's liability for misappropriation of ASC's trade secrets. (ECF No. 23 at PageID 205.) ASC asserts claims under both the federal Defend Trade Secrets Act ("DTSA") and the Tennessee Uniform Trade Secrets Act ("TUTSA"). (Id.) "The respective requirements for establishing misappropriation under these statutes are largely the same, and so the Court will conduct a single analysis." PSC Indus., Inc. v. Johnson, No. 3:19-cv-00362, 2021 WL 1663574, at *11 (M.D. Tenn. Apr. 28, 2021) (citing Great Am. Opportunities, Inc. v. Cherry Bros., LLC, No. 3:17-CV-01022, 2019 WL 632670, at *3 (M.D. Tenn. Feb. 14, 2019) (collecting cases)).

"'[T]he elements for a misappropriation of trade secrets claim are: (1) the existence of a trade secret; (2) misappropriation of a trade secret by the defendant; and (3) resulting detriment to the plaintiff.'" PSC Indus., Inc., 2021 WL 1663574, at *12 (quoting PartyLite

5

Gifts, Inc. v. Swiss Colony Occasions, No. 3:06-CV-170, 2006 WL 2370338, at *3 (E.D. Tenn. Aug. 15, 2006), aff'd, 246 F. App'x 969 (6th Cir. 2007)). "The 'TUTSA lists three requirements for information to be considered a trade secret: (1) the information must derive independent economic value from not being generally known, (2) others could obtain economic value from its disclosure or use, and (3) efforts have been made to maintain its secrecy.'" Williams-Sonoma Direct, Inc. v. Arhaus, LLC, 109 F. Supp. 3d 1009, 1017 (W.D. Tenn. 2015) (quoting J.T. Shannon Lumber Co. v. Barrett, 2:07-cv-2847-JPM-cgc, 2010 WL 3069818, at *4 (W.D. Tenn. Aug. 4, 2010) (citing Tenn. Code Ann. § 47-25-1702(4))).

Island disputes that the information ASC alleges it misappropriated meets the requirements to be considered a trade secret. (See generally ECF No. 34.) Specifically, Island argues that the information is generally known or readily ascertainable and that ASC has not taken reasonable steps to maintain the information's secrecy. (Id. at 1059–61.)

The reasonableness of ASC's actions or inactions with respect to protecting the confidentiality of its trade secrets is a question for a jury. See Niemi v. NHK Spring Co., Ltd., 543 F.3d 294, 303 (6th Cir. 2008) ("[E]xcept where the evidentiary showing of reasonable efforts could not conceivably support a judgment in favor of the plaintiff, the reasonableness of the efforts [to maintain the secrecy of an entity's trade secrets] is a question for the trier of fact."); see also Snyder v. Kohl's Dept. Stores, Inc., 580 F. App'x 458, 461–62 (6th Cir. 2014) (internal quotations omitted) ("[C]ertain substantive elements, like reasonableness or probable cause, are so fact bound that they should normally be reserved for the jury unless there is only one reasonable determination possible based on the evidence produced by the parties."); Kendall Holdings, Ltd. v. Eden Cryogenics, LLC, 521 F. App'x 453, 459–60 (6th Cir. 2013) (quoting Niemi, 543 F.3d at 303).

ASC has not demonstrated that there is "only one reasonable determination possible based on the evidence produced by the parties." Snyder, 580 F. App'x at 461. Although the maintenance and communication of a policy requiring employees to protect a company's trade secrets and the marking of emails and documents as confidential both support a finding that ASC took reasonable steps to protect its trade secrets, such evidence is not conclusive as a matter of law. See, e.g., Kendall Holdings, 521 F. App'x at 459 (finding plaintiff's evidence, including a confidentiality stamp on the documents at issue, a consulting agreement with a confidentiality clause and several company policies regarding the confidentiality and safeguarding of proprietary information, "could conceivably support a judgment in favor of" the plaintiff and that therefore the reasonableness of plaintiff's efforts to maintain secrecy "must be determined by the fact-finder"); Radiant Glob. Logistics, Inc. v. Furstenau, 368 F. Supp. 3d 1112, 1128 (E.D. Mich. 2019) (finding, for purposes of granting a motion for preliminary injunction, that the plaintiff took "sufficient measures" to protect its information where not only did plaintiff's employee sign a code of ethics and computer policy prohibiting the disclosure of confidential information but also plaintiff selectively circulated information on a "need-to-know basis" and password-protected confidential documents); Xoran Holdings LLC v. Luick, Case No. 16-13703, 2017 WL 4039178, at *6 (E.D. Mich. Sept. 13, 2017) (finding plaintiff's allegations that it requires its employees to sign contracts protecting trade secret information and to destroy all copies of trade secret information upon termination sufficient to survive a motion to dismiss).

ASC argues in its Reply that Niemi is distinguishable because it was the defendant's moving for summary judgment and contending that the plaintiff presented *no* evidence of reasonable steps. (ECF No. 30 at PageID 1028 n. 6.) But the Sixth Circuit in Niemi, after a

7

lengthy discussion of the issue,[2] concluded that it is the "'extreme case,' where the evidence of reasonable efforts is so utterly lacking in substance as to warrant judgment as a matter of a law." Niemi, 543 F.3d at 303 (citing Learning Curve Toys, Inc. v. PlayWood Toys, Inc., 342 F.3d 714, 725 (7th Cir. 2003)). The converse of that holding is that it is the "extreme case," where evidence of reasonable efforts is so overwhelming as to warrant judgment as a matter of law. Plaintiff's evidence here is not such an "extreme case."

That ASC's evidence of reasonable steps is not conclusive is particularly true because Island has demonstrated a genuine dispute of material fact regarding whether the ASC Employee received copies of the specific policies to which ASC points in support of its contention that it took reasonable steps to protect its trade secrets. (Compare ECF No. 24-9 (ASC Employee's August 5, 2010 acknowledgment of the receipt of a document titled Code of Business Conduct and Ethics and August 29, 2012 acknowledgment of the receipt of a document titled Human Resources Policies) and ECF Nos. 24-25 & 24-26 (Codes of Conduct dated 2018 and 2013, respectively) & ECF No. 24-27 (a document titled Standards of Conduct dated July 2012).) Taking the facts in the light most favorable to Island, the nonmoving party, there is a genuine dispute regarding whether the ASC Employee received or saw the Codes of Conduct cited by ASC as setting forth ASC's confidentiality policies. (See ECF No. 24 at PageID 393 (citing ECF No. 24-26 at PageID 762–63).)

Because the reasonableness of an entity's steps to protect its confidential information is a factual determination most appropriately left for the jury's consideration and because Island has raised a material factual dispute regarding whether the ASC Employee received the

---

[2] Although this discussion focused on determining whether Learning Curve applied to cases involving Ohio's Uniform Trade Secrets Act, both Ohio's and Tennessee's Uniform Trade Secret Acts define a trade secret as, in part, information that is "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." See Ohio R.C. § 1333.61(D) & Tenn. Code Ann. § 47-25-1702(4).

Codes of Conduct setting the forth the relevant policies regarding the use of confidential information, ASC's Motion for Partial Summary Judgment is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, ASC's Motion for Partial Summary Judgment on the issue of Island's liability for misappropriation of trade secrets is **DENIED**.

**SO ORDERED**, this 23rd day of June, 2021.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE