# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ASC ENGINEERED SOLUTIONS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ISLAND INDUSTRIES, INC., ) <br> ) <br> Defendant. ) | Case No. 2:20-cv-02284-JPM-cgc |

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO BAR USE OF PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES

Before the Court is the Defendant Island Industries, Inc.'s Motion in Limine to Bar Use of Plaintiff's Third Supplemental Responses to Defendant's First Set of Interrogatories, Including, But Not Limited To, the Addendum to Expert Report of Robert N. Fenili, Ph.D, filed on May 12, 2021. (ECF No. 50.) Defendant Island Industries, Inc. ("Island") moves the Court pursuant to Fed R. Civ. P. 26(e) for an order barring Plaintiff "from the introduction, admission, reference, and/or use, in any way, of the facts and opinions contained in its Third Supplemental Responses and Objections to Island's First Set of Interrogatories and Request for Production of Documents." (Id. at PageID 1122–24.)

Plaintiff ASC Engineered Solutions, LLC ("ASC") filed a Response on May 20, 2021. (ECF No. 52.) ASC argues that "(1) [ASC] previously disclosed to Island on multiple occasions, without objection, [ASC]'s intent to update its Expert Report; (2) [ASC]'s supplemental submission… was made in good faith… to avoid any appearance of trial by ambush; (3) the facts and issues raised in the Expert Report Addendum are information

already known to Island; and (4) Island's request to strike all mention of the underlying facts and related opinions contained in the Expert Addendum is overly broad." (Id. at PageID 1145–46.)

For the reasons set forth below, Island's Motion in Limine is **DENIED**.

I. **BACKGROUND**

Island propounded its First Set of Interrogatories and Request for Production of Documents on July 1, 2020. (ECF No. 50-1 at PageID 1120.) ASC submitted its responses on July 31, 2020 and supplemented those responses three times on September 3, 2020, October 6, 2020 and April 30, 2021. (ECF No. 52 at PageID 1149–50.) Robert N. Fenili, Ph.D.'s expert report is dated August 28, 2020, and included a statement that he "reserve[s] the right to update this opinion as new information becomes available. [He] anticipate[s] supplementing this opinion as new information becomes available from [ASC]." (ECF No. 24-48 at PageID 892.) On April 30, 2021, ASC attached its "Addendum to Expert Report of Robert N. Fenili, Ph.D." ("Fenili Addendum") to its Third Supplemental Responses to Defendant's First Set of Interrogatories ("Third Supplemental Responses"). (ECF No. 52 at PageID 1150.)

ASC's Third Supplemental Responses include amended supplemental responses to four of Island's interrogatories, each of which simply cites to the Fenili Addendum for an updated calculation of ASC's damages. (See Ex. B (submitted in camera), Island's Motion in Limine, ECF No. 50.) The Fenili Addendum lists every document that Fenili reviewed after the preparation of his August 28, 2020 report. (See Ex. C (submitted in camera), Island's Motion in Limine, ECF No. 50.) That list includes depositions that Island took of ASC witnesses in October of 2020, ASC sales data from January through December of 2020,

2

documents filed in this case in November and December 2020,[1] and "[d]ocuments that were produced by Island in the [False Claims Act case brought by Island against ASC on June 13, 2017, Case No. 2:17-cv-04393-RGK-ks (C.D. Cal. 2017)], including documents that [Fenili] understand[s] were produced on the last day of discovery." (Id.)

On February 1, 2021, ASC sent Island a draft copy of the Joint Proposed Pretrial Order, which included a statement that ASC's expert anticipates updating the amount of ASC's damages. (ECF No. 52 at PageID 1147; see also Ex. E, ECF No. 52-5 at PageID 1173.) A Telephonic Status/Scheduling Conference was held on February 2, 2021, at which ASC informed the Court that it "may have some supplemental expert reported information [to] pass along," and, after clarifying that the new material would supplement the existing report and not require a new expert, the Court stated "[t]hat's fine." (February 2, 2021 Hearing Transcript, ECF No. 49 at PageID 1109:23-25 & 1110:1-12.) Counsel for Island did not raise any objections to the anticipated supplemental report at that time. (Id.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(e)(2) provides that "the party's duty to supplement [an expert report] extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures [] are due." Fed. R. Civ. P. 26(e)(2); see also Fed. R. Civ. P. 26(a)(2)(B) & (a)(3)(B). Parties must supplement or correct disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e)(1)(A).

---

[1] See ECF Nos. 23–26, 30–32 & 34.

3

**III.     ANALYSIS**

Defendant's Motion raises two issues for the Court to determine: (1) whether the Fenili Addendum and Plaintiff's Third Supplemental Responses[2] are timely and (2) if the supplementations are untimely, whether they should be excluded. As an initial matter, the Court notes that the Fenili Addendum, if timely, is a proper supplementation, as it "deals [] with the same topics" as his first report and "merely contains more information and expert analysis based on additional information produced during discovery." Union Ins. Co. v. Delta Casket Co., Inc., No. 06-2090, 2009 WL 6366865, at *2–3 (W.D. Tenn. Nov. 30, 2009). Amended or supplemental expert reports are also permitted where the expert is correcting a damages calculation based on information that was not available when the expert prepared the initial report, as long as the expert does not rely on an entirely new legal theory in correcting his supplementation. See Antioch Co. Litig. Tr. v. McDermott Will & Emery, LLP, Case No. 3:09-cv-218, 2016 WL 8257680, at *2 (S.D. Ohio July 15, 2016) (finding that a supplemental report was not a supplementation pursuant to Rule 26(e) because the opinion in the supplement was based on "an entirely different theory of recovery," as compared to supplements that correct inaccuracies based on newly discovered information). Because the Fenili Addendum does not rely on a different theory of recovery than his August 28, 2020 report, the Court finds that the Fenili Addendum is supplemental within the meaning of Rule 26(e).

Therefore, the Court turns to the question of whether the Fenili Addendum was timely. Rule 26(e)(2) requires supplemental expert disclosures to be provided by the time the party's disclosures under Rule 26(a)(3) are due, which is 30 days before trial, "[u]nless the court

---

[2] Because the "new" information in ASC's Third Supplemental Responses includes only citations to the Fenili Addendum, the Court will focus its analysis on whether the Fenili Addendum should be excluded. (See Ex. B (submitted in camera), Island's Motion in Limine, ECF No. 50.)

orders otherwise[.]" Fed. R. Civ. P. 26(a)(3) & (e)(2). At the time that ASC produced the Fenili Addendum to Island, the trial in this case was set for June 21, 2021. (ECF No. 45.) The Fenili Addendum, which was produced on April 30, 2021, was timely under the default deadline of Rule 26(a)(3). There is some question, however, regarding whether the Court set an earlier deadline of September 28, 2020 in the Scheduling Order. (See ECF No. 20 at PageID 121.) The deadline in the Scheduling Order, by its terms, required all supplementation under Rule 26(e)(2) to be completed by September 28, 2020. (Id.) Although this deadline is a clerical error (the deadline was intended to refer to supplementation under Rule 26(e)(1)), the fact that this was an error is not plain from the record in this case.

The Court notes that the September 28, 2020 deadline was earlier than the deadline to complete depositions (see ECF No. 20 at PageID 120–21) and, therefore, the deadline was inconsistent with the purposes of supplementation under Rule 26(e)(2), which would require supplementation if information elicited during the depositions materially altered the expert's report, as Island's depositions in this case did. The template standard track scheduling order, available on the United States District Court for the Western District of Tennessee's website, also correctly lists this deadline as applying to supplementation under Rule 26(e)(1). However, the Parties submitted a proposed *expedited* track scheduling order, which does not include a deadline for supplementation, and the Court also cited Rule 26(e)(2) as the basis for the deadline during the June 3, 2020 Scheduling Conference. (ECF No. 21 at PageID 177–78.) Therefore, although the Court finds that ASC's disclosure was timely, the Court will also consider whether the report should be excluded if it were untimely.[3]

---

[3] The Court notes that Island does not rely on the September 28, 2020 deadline in its Motion. Instead, Island points to the October 13, 2020 deadline to complete all discovery as the deadline by which ASC should have completed its supplementation. (ECF No. 50-1 at PageID 1123.) It appears to the Court, therefore, that the Parties all understood the September 28, 2020 deadline to refer to supplementation under Rule 26(e)*(1)*.

5

The Sixth Circuit has considered five factors in assessing whether an untimely disclosure is "substantially justified" or "harmless":

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Howe v. City of Akron, 801 F.3d 718, 747–48 (6th Cir. 2015) (quoting Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396–97 (4th Cir. 2014)).

ASC argues that it "has gone out of its way in this action… to ensure that there will be no surprises at trial and to notify Island early and often that [its] expert report would be supplemented in light of discovery developed after the initial expert report was provided to Island[.]" (ECF No. 52 at PageID 1146–47.) The Court agrees that there was little to no surprise to Island. First, Island had ample notice that a supplemental expert report on the issue of damages was forthcoming: (1) Fenili's August 28, 2020 report expressly anticipated the need for supplementation; (2) ASC's February 1, 2021 Joint Proposed Pretrial Order stated that Fenili anticipated updating his damages calculation; and (3) the supplemental report was discussed at the February 2, 2021 Telephonic Status/Scheduling Conference, during which time counsel for Island did not object to the supplementation and the Court indicated that supplementation would not be a problem, as long as supplementation was to the original report and did not involve additional individuals. (ECF No. 52 at PageID 1147–48.)

Furthermore, the information that was the basis for the supplementation was either in Island's possession or did not exist at the time of Fenili's August 28, 2020 report. (See Ex. C (submitted in camera), Island's Motion in Limine, ECF No. 50.) Howe, 801 F.3d at 748 ("A district judge's decision to exclude evidence of the plaintiff's back-pay calculations as a sanction is an abuse of discretion when the defendant 'had all the information relevant to the

computation of damages in *its* possession' and 'had a full opportunity during [the plaintiff's] deposition to question him about damages.'") (quoting Jordan v. City of Cleveland, 464 F.3d 584, 601 & n.22 (6th Cir. 2006)). To the extent that Island was surprised, it had the ability to cure that surprise by deposing Fenili, an opportunity Island apparently did not take advantage of. (ECF No. 52 at PageID 1151, n.8.)

Allowing the evidence will not disrupt the trial. Based on the current trial schedule, the Fenili Addendum was produced nearly three months prior to trial, and Island will have ample opportunity at the trial to cross-examine Fenili and the rest of ASC's witnesses on the issue of damages. Howe, 801 F.3d at 749. Testimony based on the contents of the Fenili Addendum is also important to establishing an accurate estimate of damages. The estimate in the Fenili Addendum is approximately $2.6 million higher than the estimate in Fenili's August 28, 2020 report. (Comparing Ex. A (submitted in camera) and Ex. C (submitted in camera), Island's Motion in Limine, ECF No. 50.) The underlying evidence on which Fenili bases his calculation is admissible, or at least is not subject to the same timeliness objection as Island raises in its Motion. Fenili's calculation of damages is crucial to helping the jury understand and evaluate the underlying evidence on which that calculation is based.

Finally, the Court considers ASC's explanation for its delay. This explanation appears to be two-fold. ASC, correctly (as discussed above), did not understand the Scheduling Order's September 28, 2020 deadline for supplementation to apply to expert supplementations and ASC states that the Affidavit of Glenn Sanders filed on December 15, 2020 (see ECF No. 26-3) prompted the need for supplementation. (ECF No. 52 at PageID 1151 n.8 ("[O]nce [ASC] had time to consider the Sanders' Affidavit it was clear that supplementation would be necessary… [o]nce the trial was continued… [ASC] immediately began to work on

7

supplementing its discovery responses. [ASC] provided its supplemental responses and the Expert Addendum approximately two months from the new trial date.").) Although ASC likely could have provided the Third Supplemental Responses and Fenili Addendum earlier than April 30, 2021, ASC was diligent in informing both Island and the Court of its intention to supplement and provided the supplementation in a timely manner based on Rule 26(a)(3).

Because the Court finds that ASC's Third Supplemental Responses and the Fenili Addendum are timely, and because even if they were untimely, the factors weigh in favor of a finding that the disclosure was "substantially justified" or "harmless,"[4] the Court will not exclude ASC's Third Supplemental Responses or the Fenili Addendum.

## IV. CONCLUSION

For each of the reasons set forth above, Island's Motion in Limine is **DENIED**.

**SO ORDERED**, this 13th day of July, 2021.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that Island does not identify with any specificity how ASC's Third Supplemental Responses or Fenili Addendum subject it to "substantial harm and prejudice," focusing instead on its argument that the disclosures were untimely. (ECF No. 50 at PageID 1123).